ROCKWELL v. LAWRENCE, appellant.

*Evidence — award.*

Plaintiff and S. both claimed to own certain hay.   S. sold the hay to defendant, and afterward submitted the dispute to arbitrators who made an award in favor of plaintiff.   *Held,* that this award was admissible as evidence of plaintiff's title in an action against defendant for the price of the hay.

APPEAL from a judgment entered upon the report of a referee. The action was brought by Hervey Rockwell against Alfred Lawrence, to recover the price of a quantity of hay sold defendant by one Jacob Seymour, a tenant of plaintiff, the hay having been raised upon a farm belonging to plaintiff. The facts relating to the only material point appear in the opinion.

*C. Frost*, for appellant.

*Charles H. Mundy*, for respondent.

BARNARD, P. J. The plaintiff and one Seymour made an agreement, by which Seymour agreed to work plaintiff's farm for one year, from 1st of April, 1865. Seymour was to have one-third of the products for his labor, and was to have one-third of the hay which was left in the spring of 1866, after leaving as much and as good hay as he received from plaintiff at the commencement of the lease. Just before the termination of the year, in March, 1866, Seymour sold some hay to defendant. Plaintiff claimed the hay. Upon this state of facts, plaintiff and Seymour agreed to submit the question to two arbitrators, and these arbitrators determined that Seymour had had all he was entitled to under the lease or agreement, and that plaintiff was entitled to collect the proceeds of sales made by Seymour. The defendant was notified of this award. Upon the trial, the plaintiff offered in evidence the award as between plaintiff and Seymour. The defendant objected to this award as not binding him. The evidence was received, and this presents the only question raised on this appeal. I think the evidence was admissible. The plaintiff had proven his title to the hay. It was raised on his farm. Seymour was to have one-third of what remained after making good the old hay of the preceding year. If he had produced a bill of sale of the hay from Seymour to him, it would have been evidence of title in plaintiff. The award was offered for the same purpose and had the same effect. As between plaintiff and Seymour, plaintiff owned the hay. The award conclusively established this as against Seymour, and in favor of plaintiff. The defendant had no interest in the question of ownership, and could not have been made a party to the arbitration. He was simply to pay the true owner, and the award established that as to the rival claimants.

The judgment should be affirmed, with costs.

*Judgment affirmed.*